**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

**vs.** **1:26-CR-32 (MAD)**

**TERRY MEAD, JR.,**

**Defendant.**

---

| **APPEARANCES:** | **OF COUNSEL:** |
| --- | --- |
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>14 Durkee Street, Room 340<br>Plattsburgh, New York 12901<br>Attorneys for the United States | **KATHERINE E. KOPITA, AUSA**<br>**CARLING DUNHAM, AUSA** |
| **OFFICE OF THE FEDERAL PUBLIC DEFENDER**<br>54 State Street, Suite 310<br>Albany, New York 12207<br>Attorneys for Defendant | **PAUL E. SHELTON, JR., AFPD**<br>**JEREMY B. SPORN, AFPD** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On January 28, 2026, a grand jury returned a four-count indictment against Defendant Terry Mead, Jr. *See* Dkt. No. 10. The indictment also contained a prior conviction allegation. *See id.* A superseding indictment was filed on July 29, 2026, charging the following: (1) sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a); (2) sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(b); (3) felony offense involving a minor by a registered sex offender, in violation of 18 U.S.C. § 2260A; (4) possession of child pornography, in violation of

18 U.S.C. § 2252A(a)(5)(B); and (5) distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). *See* Dkt. No. 27. The superseding indictment also contains the prior conviction allegation, which concerns a 2006 judgment against Defendant for a sex crime under state law. *See id.*

Defendant's trial is set to begin on September 14, 2026. *See* Dkt. No. 26. The parties have agreed to bifurcate count three and the prior conviction allegation. *See* Dkt. Nos. 36, 40. Defendant and the Government have also made pretrial motions *in limine*. *See* Dkt. Nos. 47-48, 57, 65, 83. The Court's rulings on those motions are explained below.

## II. BACKGROUND

The superseding indictment alleges that on or about March 3, 2025, Defendant induced a four-year-old girl ("C.")[1] to expose herself in a sexually explicit manner. *See* Dkt. No. 27 at 1-2. According to the Government's trial brief, Defendant was in a romantic relationship with Tammy Rafferty, a woman who took care of C., and lived in an apartment across the street from Rafferty. *See* Dkt. No. 56 at 5. The Government contends that Defendant took C. to his apartment to retrieve a snack that Rafferty did not have, and while they were away from Rafferty, he allegedly took two sexually explicit pictures of C. in his bathroom. *See id.* at 6. The Government also alleges that Defendant texted one of the images to another individual, who notified Rafferty. *See id.* at 7.

## III. DISCUSSION

### A. Motions *in Limine*

[1] C. is also referred to as "V1" in the superseding indictment and the parties' pretrial submissions. At the pretrial conference on September 3, 2026, the parties agreed to refer to her as C. instead of V1 when presenting evidence at trial.

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co.*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). "[C]ourts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citing *Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287). The Court is also "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42. The moving party bears the burden of establishing that evidence is inadmissible for any purpose and properly excluded on a motion *in limine*. *See United States v. Pugh*, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016).

**B. Use of the Word "Victim"**

Defendant moves "to preclude counsel and all witnesses in the case from using the terms 'victim' and 'child victim[,]' as well as any similar terms or phrases." Dkt. No. 47 at 1. Defendant argues that use of those terms "would necessarily imply a presumption of guilt against Mr. Mead, shifting the burden of proof to him to prove his innocence." *Id.* Defendant asks that counsel and witnesses use neutral terms when referring to C. *See id.* at 2.

In opposition, the Government argues that C. is a victim because sexually explicit photos were taken of her. *See* Dkt. No. 66 at 1. The Government contends that it bears the burden of "prov[ing] that the defendant took the images, distributed an image, and possessed the images,

[which] does not change the fact that [C.] is a victim[.]" *Id.* at 1-2. According to the Government, it "intends to use the term 'victim' or 'child victim' as it relates to the evidence—in opening, what [the Government] expect[s] the evidence will show, and in closing, what the evidence has demonstrated." *Id.* at 3.

"The propriety of the term 'victim' is a fact-specific inquiry." *United States v. Franzone*, No. 21-CR-446, 2025 WL 1094496, *3 (S.D.N.Y. Apr. 11, 2025) (citing *United States v. Clanton*, No. 23-CR-328, 2024 WL 1072050, *17 (E.D.N.Y. Mar. 12, 2024)). Moreover, "[t]here is no rule 'that the use of the word "victim" is *per se* prejudicial.'" *Id.* (quoting *Clanton*, 2024 WL 1072050, at *17).

At the pretrial conference on September 3, 2026, the Court and counsel for both sides discussed this issue. The Court indicated that the Government could refer to C. as a victim in its opening and closing statements—which the jury will be instructed are not evidence—but not during its presentation of evidence. This is consistent with the Court's approach in a recent case involving sex crimes against minors. *See United States v. Geer*, No. 3:24-CR-170, Dkt. No. 119, at 37-38 (N.D.N.Y. Feb. 10, 2025) (citations omitted). Other district courts have ruled similarly. *See, e.g.*, *United States v. Ray*, No. 20-CR-110, 2022 WL 558146, *25-26 (S.D.N.Y. Feb. 24, 2022); *United States v. Daskal*, No. 21-CR-110, 2023 WL 9424080, *12-13 (E.D.N.Y. July 12, 2023); *United States v. Johnson*, No. 22-CR-494, 2025 WL 2959272, *10-12 (E.D.N.Y. Oct. 17, 2025). Counsel for both sides expressed agreement with this approach.

Defendant's motion is therefore granted in part and denied in part on this issue. The Government may use the terms "victim," "child victim," and similar terms in its opening and closing statements. Otherwise, counsel and witnesses shall refer to the alleged victim as "C." Because C. is a minor, her full name shall not be used.

**C. Evidence of Defendant's Prior Convictions**

Defendant also moves to preclude evidence of multiple prior criminal convictions. *See* Dkt. No. 48. Specifically, he argues that a 2006 conviction for Criminal Sexual Act Third Degree,[2] a 2000 misdemeanor conviction for a Prohibited Act, and "all prior convictions for failing to comply with sex offender registration requirements" should be excluded because they are not relevant or probative. *Id.* at 1-3. Defendant points to Federal Rule of Evidence 404(b), which prohibits evidence of prior acts to prove propensity, to support exclusion of this evidence. *See id.* at 2.

In response, the Government states that it does not intend to offer evidence of any of these convictions in its case-in-chief. *See* Dkt. No. 67 at 1. However, if Defendant testifies, the Government intends to "offer evidence of those convictions as impeachment evidence[,]" pursuant to Federal Rule of Evidence 609. *Id.* The Government states that it "would limit the impeachment by prior conviction evidence to . . . the statutory name of each offense, the date of conviction, and the sentence imposed[,]" and if Defendant testifies, requests an opportunity in the future to argue why the evidence is admissible under Rule 609. *Id.* at 2. At this time, it is unknown whether Defendant will testify. *See* Dkt. No. 46 at 1 & n.1. Therefore, the Court reserves decision on whether evidence of Defendant's prior criminal convictions will be permitted for impeachment purposes.

**D. Defendant's Remark at the Police Station**

During the pretrial conference, Defense counsel made an oral motion *in limine* to exclude evidence of a remark that Defendant made at the police station after his arrest. The Government

---

[2] Defendant notes that this conviction is the subject of the prior conviction allegation. *See* Dkt. No. 48 at 1 n.2. The Government has stated it will not introduce evidence on the prior conviction allegation. *See* Dkt. No. 40.

references this statement in its trial brief. *See* Dkt. No. 56 at 8. According to the Government, "[D]efendant stated, 'It's gonna take me years to get back out of jail.'" *Id.* The Government's proposed Exhibits 16, 17A, and 17B contain evidence of this statement. *See* Dkt. No. 50 at 2. The Government argues that the remark is admissible as a nonhearsay party statement. *See* Dkt. No. 56 at 8. Defense counsel argues that the statement could infringe on Defendant's right not to testify and would be unduly prejudicial.

Federal Rule of Evidence 801(d)(2) provides that a party's statement, when offered against that party, is not hearsay and may be admissible for its truth. *See* FED. R. EVID. 801(d)(2); *United States v. Russo*, 302 F.3d 37, 43 (2d Cir. 2002). However, the Court is also cognizant of the maxim "that a criminal defendant has an absolute right not to testify." *Salinas v. Texas*, 570 U.S. 178, 184 (2013) (citations and internal quotation marks omitted). In this circumstance, if Defendant chooses not to testify, the Court finds that allowing introduction of the police station remark could compromise that absolute right.

Moreover, Federal Rule of Evidence 403 permits courts to exclude otherwise admissible evidence if the risk of unfair prejudice would substantially outweigh any probative value. *See* FED. R. EVID. 403. Rule 403 supports exclusion of this evidence. Defendant's out-of-court statement conveys that he has been incarcerated before and thereby alludes to prior acts that do not form the basis of his criminal charges. Taken for its truth, the statement serves only to show that Defendant admitted to being formerly incarcerated and expressed a belief that he would be incarcerated again. Examining the remark in context, the Court determines that Exhibits 16, 17A, and 17B have low probative value and pose a high risk of unfair prejudice. Thus, even if Defendant were to testify, the Court would exclude the evidence under Rule 403.

Defendant's oral motion *in limine* on this issue is granted.

**E. Evidence of Prior Child Molestation and Sexual Interest in Children**

The Government moves to admit evidence of Defendant's text messages and uncharged child pornography images found on his tablet as propensity evidence under Federal Rule of Evidence 414. *See* Dkt. No. 57 at 1. In the alternative, the Government seeks to admit this evidence for a non-propensity purpose under Rule 404(b). *See id.* The Government also seeks to admit Defendant's internet history from his phone and tablet. *See id.* Defendant objects to this evidence for several reasons, including untimely disclosure, unfair prejudice, and lack of relevance. *See* Dkt. No. 70 at 2-5, 9-16.

***1. Text Messages (Exhibit 7)***

The Government seeks to admit Exhibit 7, which is a series of text messages, into evidence.[3] *See* Dkt. No. 65. According to the Government, the text messages are between Defendant and a woman identified as V.W. *See id.* at 1. Exhibit 7 appears to show Defendant repeatedly asking V.W. to send him sexually explicit pictures of her minor daughter, who is known as N. *See id.* The messages also appear to show Defendant making sexual comments about N. *See id.* at 2-3. The timestamps on the messages are from January 2025. *See id.*

Defendant argues that the Court should exclude Exhibit 7 because it was not disclosed until August 27, 2026, "the proverbial eleventh hour." Dkt. No. 70 at 13. Defendant argues that this delay prejudices his "ability to investigate and substantiate the evidence being offered against him[,]" and Exhibit 7 "has no direct relation to his charges set for trial." *Id.* at 13-14. Defendant also challenges the probative value of the text messages, as the Government "has not identified

---

[3] The Government originally sought to admit three text message exhibits, which were numbered 1, 2, and 3. *See* Dkt. No. 57 at 1-4. Upon receiving new evidence, the Government filed a supplemental submission clarifying which exhibits it seeks to admit *in limine*. *See* Dkt. No. 65. Instead of moving to admit Exhibits 1, 2, and 3, the Government now moves to admit Exhibit 7. *See id.* at 1. The Government's first motion is therefore denied as moot as to Exhibits 1, 2, and 3.

any texts . . . where Mr. Mead discusses the alleged victim . . . nor any relevant conduct in this case." *Id.* at 14. According to Defendant, the messages were part of "a game or a fantasy" that never materialized, and the risk of Exhibit 7 confusing the jury is high. *Id.* at 14-15.

Rule 414 states that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." FED. R. EVID. 414(a). Evidence admitted under Rule 414 may be used for propensity purposes. *See United States v. Wager*, 651 F. Supp. 3d 594, 600 (N.D.N.Y. 2023) (quoting *United States v. Vickers*, 708 Fed. Appx. 732, 736 (2d Cir. 2017) (summary order)) (other citation omitted). This Court recently observed that:

> Rule 414 is designed to "supersede in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b)" and to create a presumption that evidence admissible under these rules "is typically relevant and probative, and that its probative value is normally not outweighed by any risk of prejudice or other adverse effects."

*Geer*, No. 3:24-CR-170, Dkt. No. 119, at 5 (N.D.N.Y. Feb. 10, 2025) (quoting 140 Cong. Rec. H8968-01, H899-H8992 (daily ed., Aug. 21, 1994) (remarks by principal House sponsor, Rep. Molinari)).

Conduct prohibited by Title 18, Chapter 110, of the United States Code, which encompasses the statutes under which Defendant is charged, falls within the scope of Rule 414. *See* FED. R. EVID. 414(d)(2)(B). Moreover, the superseding indictment states that C. is below fourteen years old, which defines a "child" under Rule 414. *See* Dkt. No. 27 at 1; FED. R. EVID. 414(d)(1). N. is also below fourteen years old, and the Government argues that Defendant's conduct in the text messages with V.W. constituted "attempted sexual exploitation of a child, in

violation of 18 U.S.C. § 2251(a)[,] and attempted receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A)." Dkt. No. 65 at 1-2. Those offenses are contained within Title 18, Chapter 110, of the United States Code, which triggers Rule 414. *See* FED. R. EVID. 414(d)(2)(B), (F). Therefore, the baseline requirements of Rule 414 are satisfied.

Even if evidence falls within the scope of Rule 414, however, the Court must determine under Rule 403 whether its probative value is substantially outweighed by the risk of unfair prejudice to Defendant. *See United States v. Dickinson*, 16 F. Supp. 3d 230, 234 (W.D.N.Y. 2014) (citing *United States v. Larson*, 112 F.3d 600, 604-05 (2d Cir. 1997); *United States v. Davis*, 624 F.3d 508, 512 (2d Cir. 2010)). Courts in this Circuit consider the following factors to determine the probative value of evidence under Rule 414:

> (1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial.

*United States v. Stroming*, 838 Fed. Appx. 624, 626 (2d Cir. 2021) (summary order) (quoting *United States v. Spoor*, 904 F.3d 141, 154 (2d Cir. 2018)). Importantly, "[t]he test is not whether the evidence is 'highly prejudicial' but rather whether it is 'unfairly prejudicial.'" *Dickinson*, 16 F. Supp. 3d at 234 (quoting *United States v. Levy*, 594 F. Supp. 2d 427, 440 n.6 (S.D.N.Y. 2009), *aff'd*, 385 Fed. Appx. 20 (2d Cir. 2010), *cert. denied*, *Levy v. United States*, 562 U.S. 1051 (2010)).

The Government argues that Exhibit 7 "demonstrate[s] the defendant's sexual interest in children, interest in specifically abusing N., and his attempted sexual exploitation of N. and attempted receipt of child pornography." Dkt. No. 65 at 1. The conduct demonstrated in Exhibit 7 is similar to the charged conduct in that Defendant apparently solicited pornographic material of

a young child. Moreover, Exhibit 7 tends to show that Defendant repeatedly contacted V.W. about sending sexually explicit pictures of N. within two months of the alleged abuse of C. In cases such as this one, where possession and distribution of child pornography are alleged, "'the presumption is that the probative value of the propensity evidence is not outweighed by the risk of unfair prejudice.'" *Dickinson*, 16 F. Supp. 3d at 234 (quoting *Levy*, 594 F. Supp. 2d at 439).

The Court acknowledges Defendant's argument that Exhibit 7 lacks probative value and is prejudicial because the messages do not discuss C. or Defendant's charged conduct. *See* Dkt. No. 70 at 14-15. However, because Rule 414 allows evidence of this kind for propensity purposes, the Court rejects that argument. Even if the messages shown in Exhibit 7 were simply part of a game or fantasy that Defendant never acted upon, they are probative to show Defendant's sexual interest in children and propensity to commit the charged conduct. The Court also rejects Defendant's timeliness argument because Rule 414 plainly provides that the prosecution must disclose evidence at least fifteen days before trial. *See* FED. R. EVID. 414(b). Defendant states that Exhibit 7 was disclosed on August 27, 2026, which is eighteen days before the trial's expected start date. *See* Dkt. No. 70 at 12; Dkt. No. 78 at 1.

Accordingly, the Court determines that Exhibit 7 is admissible for propensity purposes under Rule 414. The Government's motion is granted on this point.

***2. Child Pornography Images on Defendant's Tablet***

In addition to the images of C. on Defendant's cell phone, the Government asserts that three child pornography images were found on his tablet. *See* Dkt. No. 57 at 11. According to the Government, each image is a sexually explicit depiction of a young girl. *See id.* at 7. At least two of the images also reportedly show an adult male's hand and genitals near the child. *See id.* The Government argues that "[p]ossession of images of child pornography—other than the

images [Defendant] is charged with producing, distributing, and possessing—falls squarely within [Rule] 414" and should be admitted for propensity purposes. *Id.* at 11.

Defendant opposes this evidence because "[t]he existence of these three images was first disclosed to counsel on August 18, 2026," and Defense counsel first reviewed the images on August 20, 2026. Dkt. No. 70 at 4. According to Defendant, "[t]he late disclosure of this information to Mr. Mead weighs against admissibility." *Id.* Defendant also contends that "admitting these images would create a substantial risk of unfair prejudice [and] confus[ing] or mislead[ing] the jury[.]" *Id.* at 5.

"'Child molestation' under Rule 414 includes the . . . possession of child pornography[,]" *Dickinson*, 16 F. Supp. 3d at 233 (quoting FED. R. EVID. 414(d)(2)(B)), even if the material is distinct from that underlying the charged conduct, *see Levy*, 594 F. Supp. 2d at 439 (stating that a defendant's previous possession of child pornography was admissible and "relevant to show his sexual interest in children and his propensity or disposition of character to engage in sexual acts involving children"); *United States v. Veerkamp*, No. 23-3485, 2024 WL 3378459, *3-5 (6th Cir. July 11, 2024) (affirming that child pornography on a memory card, which was separate from the material underlying the charged crimes, was admissible under Rule 414).

Even considering the safeguards imposed by Rule 403, the pornographic images on Defendant's tablet are highly probative of his propensity to possess and distribute child pornography. The Court does not find the evidence unfairly prejudicial; rather, Defendant's possession of child pornography "tend[s] to prove that it [is] more probable that he committed" the charged conduct, which is within the reach of Rule 414. *Levy*, 594 F. Supp. 2d at 440. Moreover, the Court rejects Defendant's timeliness argument because the Government disclosed the images twenty-seven days ahead of trial. *See* Dkt. No. 70 at 4; Dkt. No. 78 at 1.

The Government's motion is granted as to this issue, and evidence of the three uncharged child pornography images is admissible for propensity purposes under Rule 414.

### *3. Tablet and Cell Phone Internet History (Exhibits 4-6)*

The Government seeks admission of three additional exhibits showing Defendant's internet histories on his cell phone and tablet. *See* Dkt. No. 57 at 1. Exhibit 4 is from the morning of March 4, 2025, when Defendant purportedly searched for pornography that showed "adults pretending to be children engaged in sex acts." *Id.* at 6. The Government submits that Exhibit 5, which contains entries from January and February 2025, shows that Defendant used his cell phone to search for similar pornography. *See id.* at 6-7. Exhibit 6 purports to show web history on Defendant's tablet "contain[ing] many links to similar pornography beyond those that he accessed on the morning of March 4." *Id.* at 7.

Defendant opposes introduction of this evidence because "Mr. Mead's web history indicating he viewed adult pornography is of no consequence to his guilt of producing, possessing, and distributing child pornography." Dkt. No. 70 at 10. He also argues that any possible relevance of this evidence "is significantly outweighed by the risk of prejudice, confusing the issues, misleading the jury, and wasting time." *Id.* at 11. Defendant emphasizes that he "is not charged with any crime in relation to [the] websites [in his search history], and the viewing of all of these videos is perfectly legal." *Id.*

#### *a. Completeness of the Story*

The Government does not rely on Rule 414 with respect to this evidence. Instead, while acknowledging the potential application of Rule 404, the Government argues that this evidence falls outside the restrictions of that Rule because it is necessary to "complete the story" of the

circumstances surrounding the charged conduct. Dkt. No. 57 at 13-14. According to the Government, these exhibits "give coherence to the basic sequence of events." *Id.*

Courts in this Circuit have recognized that "other act" evidence "'[arising] out of the same transaction or series of transactions as the charged offense, . . . inextricably intertwined with the evidence regarding the charged offense, or . . . necessary to complete the story of the crime on trial'" is not subject to the propensity limitations of Rule 404(b). *United States v. Segui*, No. 19-CR-188, 2019 WL 8587291, *6 (E.D.N.Y. Dec. 2, 2019) (quoting *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000)); *see United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997). "Such evidence . . . can provide background for the alleged events, and it may be admitted to show the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed." *United States v. Kidd*, 385 F. Supp. 3d 250, 254 (S.D.N.Y. 2019) (citation and internal quotation marks omitted).

Based on the timestamps on the exhibits, Defendant would have made these searches in the months leading up to the date of C.'s alleged abuse, as well as the morning afterwards. They tend to show that Defendant had an interest in pornographic material—which featured adults pretending to be children—around the time of C.'s alleged abuse. However, while Exhibits 4, 5, and 6 may provide background on the circumstances surrounding Defendant's charged conduct and are probative of a possible explanation for Defendant's state of mind around that time, it is not clear to the Court that evidence of Defendant's internet history is *necessary* to "complete the story" of his charged conduct. *See United States v. Brand*, No. 1:04-CR-194, 2005 WL 77055, *3 (S.D.N.Y. Jan. 12, 2005), *aff'd*, 467 F.3d 179 (2d Cir. 2006), *cert. denied*, *Brand v. United States*, 550 U.S. 926 (2007) (declining to admit child pornography images on this basis because they were not necessary to complete the story of the defendant's plan to separately engage in sexual

abuse of a child). As Defendant points out, he accessed pornographic material depicting adults, not children. *See* Dkt. No. 70 at 10. Moreover, the internet history does not appear to be specifically related to C. or any plan Defendant may have had to abuse her.

The Court therefore declines to admit the internet history evidence on this basis.

***b. Rule 404(b)***

The Government alternatively argues that Exhibits 4, 5, and 6 are admissible under Rule 404(b) for non-propensity purposes to show "that the images at issue in this case originated with and belonged to the defendant." Dkt. No. 57 at 14. The Government contends that Defendant's "web histories show not only that he has a sexual interest in children but also tend to negate any arguments that the images in question were found on the defendant's cellphone and sen[t] . . . by accident or mistake, or that someone else produced them." *Id.*

Rule 404 permits evidence of a defendant's prior acts for purposes other than showing propensity to act in conformity therewith, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *See* FED. R. EVID. 404(b)(2). To determine the admissibility of "other act" evidence under Rule 404, courts in this Circuit consider the purpose of the evidence, the relevance of the evidence, and whether the probative value of the evidence is substantially outweighed by the risk of unfair prejudice. *See United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009) (quoting *Brand*, 467 F.3d at 196). "The [G]overnment is required to establish only a similarity or some connection to establish that a prior act is relevant to one of the elements . . . of the crime charged." *Brand*, 467 F.3d at 197 (citation and internal quotation marks omitted). The Second Circuit uses an "inclusionary approach" to this type of evidence, which favors admissibility unless the evidence is irrelevant, introduced for an improper purpose, or overly prejudicial. *See United States v. Monroe*, 394 Fed.

Appx. 738, 739 (2d Cir. 2010) (summary order) (quoting *United States v. Carlton*, 534 F.3d 97, 101 (2d Cir. 2008)).

To the extent that Defendant's alleged sexual interest in children goes to propensity, the evidence is inadmissible under Rule 404. *See* FED. R. EVID. 404(b)(1). However, courts in this Circuit have recognized that evidence of a sexual interest in children may, in some circumstances, be admissible under one or more of Rule 404's non-propensity purposes. *See, e.g.*, *Brand*, 2005 WL 77055, at *5-6; *United States v. Sheltra*, No. 21-CR-2960, 2023 WL 2618965, *3 (2d Cir. Mar. 24, 2023). The Second Circuit "[has] long acknowledged that prior act evidence is generally admissible to prove that the defendant acted with the state of mind necessary to commit the offense charged." *Brand*, 467 F.3d at 197 (footnote, citation, and internal quotation marks omitted).

The Government does not elaborate on why Defendant's web searches would suggest he, rather than someone else, produced the alleged pornography of C. or sent it to another individual. It also does not specify how the searches would tend to show that the pictures of C. "originated with and belonged to [him]." Dkt. No. 57 at 14. While it is possible the evidence could show Defendant's sexual interest in children in the form of intent or motive to commit the charged conduct, the Government does not explicitly make this connection in its motion. Given the nature of the material in Defendant's internet history—which depicts adults pretending to be children but does not contain any actual child pornography—the Court is cautious about making a premature determination on whether the risk of unfair prejudice substantially outweighs any probative value of this evidence.

Accordingly, the Court reserves decision on whether to admit Exhibits 4, 5, and 6 under Rule 404 for a non-propensity purpose.

**F. Testimony Regarding Uncharged Sexual Abuse of Minors**

The Government asks the Court to permit testimony from two people, other than C., that Defendant sexually abused them as minors in the 1990s and early 2000s. *See* Dkt. No. 57 at 8; Dkt. No. 83 at 1.

***1. Defendant's Alleged Sexual Abuse of V2***

The Government seeks to admit evidence that Defendant sexually abused another child, V2, from 1990 to 2002.[4] *See* Dkt. No. 57 at 8; Dkt. No. 85. According to the Government, the abuse began when V2 was four years old and continued for twelve years. *See* Dkt. No. 57 at 8. Defendant allegedly "touched her genitals and made her perform oral sex on him." Dkt. No. 78 at 2. V2, who was born in 1986, is now an adult. *See* Dkt. No. 85. The Government primarily invokes Rule 414 to admit this evidence for propensity purposes. *See* Dkt. No. 57 at 8-9. In the alternative, the Government argues that this evidence is admissible under Rule 404. *See id.* at 1.

Defendant opposes introduction of this evidence due to late disclosure and a "substantial risk of unfair prejudice, misleading the jury, and confusing the issues" because he was never charged with any crime involving V2. Dkt. No. 70 at 6-7. He argues that the Government disclosed a report of an interview with V2 in January 2026, and subsequently provided notice of its intent to introduce evidence regarding V2 on August 5, 2026. *See id.* at 6. Then, on August 26, 2026, the Government disclosed that V2 was interviewed a second time. *See id.* On the evening of August 31, 2026, Defendant states that the Government turned over law enforcement reports concerning V2, pursuant to *Jencks v. United States*, 353 U.S. 657 (1957). *See id.* In

[4] The Government's first motion *in limine* states that Defendant abused V2 sometime between 1990 and 2022. *See* Dkt. No. 57 at 2, 8. The Government later clarified that the alleged abuse occurred between 1990 and 2002. *See* Dkt. No. 85.

response to Defendant's timing argument, the Government maintains that it made all disclosures in a timely fashion. *See* Dkt. No. 78 at 1-2.

***a. Rule 414***

According to the Second Circuit, Rule 414 requires the Government to give "advance notice of [its] *intent* to introduce [the] evidence 'at least 15 days before trial or at a later time that the court allows for good cause.'" *Spoor*, 904 F.3d at 146 n.3 (quoting FED. R. EVID. 414(b)) (emphasis added). Based on the record, the Court determines that the Government met its obligations. Even by Defendant's account, all disclosures occurred prior to August 30, 2026, which is fifteen days before the trial's scheduled start date. *See* Dkt. No. 70 at 6. Although the Government actually turned over the *Jencks* material on August 31, 2026, the record is clear that the Government gave the requisite notice of its *intent* to introduce evidence regarding V2. *See id.*; Dkt. No. 78 at 1. The Court therefore rejects Defendant's argument that the Government did not meet Rule 414's disclosure requirements as to V2.

As explained above, Rule 414 permits admission of child molestation evidence in criminal cases where the defendant is accused of a child molestation crime. *See* FED. R. EVID. 414(a). It has been established that Defendant is accused of child molestation crimes. Moreover, Defendant does not dispute whether his alleged conduct toward V2 is within the purview of Rule 414. The Court determines that Defendant's alleged conduct toward V2 is covered by Rules 414(d)(2)(C) and 414(d)(2)(D). These provisions discuss "contact between any part of the defendant's body . . . and a child's genitals" and "contact between the defendant's genitals . . . and any part of a child's body[.]" *Id.* at 414(d)(2)(C)-(D). Because Rule 414 defines a "child" as someone below the age of fourteen, *see id.* at 414(d)(1), the Court considers the admissibility of V2's testimony for

propensity purposes only for abuse that allegedly occurred when she was under fourteen years old.

The Court now turns to the Rule 403 balancing analysis to determine whether the probative value of V2's testimony is outweighed by a risk of unfair prejudice, misleading the jury, or confusing the issues. *See Stroming*, 838 Fed. Appx. at 626 (quoting *Spoor*, 904 F.3d at 154) (listing factors to determine probative value under Rule 414). Defendant allegedly touched V2 inappropriately and forced her to perform a sex act on him, but the Government has not alleged that Defendant produced, possessed, or distributed pornography depicting V2. Although each of the alleged actions is undoubtedly sexual abuse of a child, at least one district court has noted that child pornography offenses and hands-on sexual abuse "are different in many respects." *Dickinson*, 16 F. Supp. 3d at 234. This Court agrees. Defendant is not accused of touching C. inappropriately or forcing her to perform a sex act on him; rather, he is charged with taking and distributing sexually explicit pictures of her. The Court acknowledges a substantial risk that the jury may conflate Defendant's alleged actions against the two children.

Next, the Court notes that Defendant allegedly abused V2 several decades ago. The Second Circuit has not recognized a strict temporal attenuation limit for Rule 414 evidence, *see Larson*, 112 F.3d at 605, but temporal proximity is among the factors to be considered in weighing probative value, *see Stroming*, 838 Fed. Appx. at 626 (quoting *Spoor*, 904 F.3d at 154). In *Dickinson*, the district judge excluded the defendant's daughter's testimony that he sexually abused her between seventeen and twenty-two years prior to trial, partly because "the length of time that ha[d] elapsed since the acts involving [the] daughter . . . diminishe[d] its probative value in comparison to its undue prejudice." *Dickinson*, 16 F. Supp. 3d at 234-35. Although temporal attenuation may be mitigated by the ability to compare the witness's testimony to a

contemporaneous account of the alleged abuse, *see Wager*, 651 F. Supp. 3d at 603, the Government has not mentioned any such contemporaneous account.

Through the Rule 403 balancing test, the Court determines that the risk of unfair prejudice and confusing the issues outweighs the probative value of V2's testimony. The Court will not admit this evidence under Rule 414.

***b. Rule 404***

The Government argues that V2's testimony is alternatively admissible for a non-propensity purpose under Rule 404. *See* Dkt. No. 57 at 1. The motion fails to specify, however, what non-propensity purpose this evidence would serve. *See id.* at 13-16 (discussing admissibility of evidence other than V2's testimony, such as text messages and internet history, under Rule 404). Regardless, as described above, the risk of undue prejudice from this evidence substantially outweighs its probative value under Rule 403. Accordingly, the Court also declines to admit V2's testimony for a non-propensity purpose.

The Government's motion is denied as to this issue.

***2. Defendant's Alleged Sexual Abuse of V3***

On September 4, 2026, ten days before the start of trial, the Government filed an additional supplemental motion seeking to admit testimony from V3, a woman who claims Defendant sexually abused her for one year in the early 2000s. *See* Dkt. No. 83 at 1. According to the Government, V3 was born in 1997, and the abuse began when she was three years old. *See id.* V3 told investigators that on at least three occasions, Defendant "penetrated her vagina with his penis." *Id.* The Government argues that this testimony is admissible under Rule 414. *See id.* at 2. Defendant opposes introduction of this testimony, arguing that its late disclosure and lack of

connection to the charged conduct make the evidence unfairly prejudicial and potentially confusing or misleading to a jury. *See* Dkt. No. 86.

As already discussed, Rule 414 requires the Government to notify the defendant of its intent to introduce evidence under that Rule at least fifteen days before trial. *See Spoor*, 904 F.3d at 146 n.3; FED. R. EVID. 414(b). The Court may permit later disclosure for good cause. *See Spoor*, 904 F.3d at 146 n.3; FED. R. EVID. 414(b). The Government states that it "sent the defense notice of its intent to introduce V3's testimony at trial" on September 4, 2026. Dkt. No. 83 at 1.

Rather than delve into the nuances of what constitutes good cause, the Court finds that V3's testimony must be excluded for the same reasons as V2's testimony. The Government intends for V3 to testify that Defendant raped her as a young child. From an evidentiary standpoint, the alleged sexual abuse about which V3 would testify is distinguishable from the charged conduct regarding child pornography. As with V2's testimony, the Court also recognizes a substantial risk of prejudice and confusing the issues before the jury. Moreover, V3's testimony would cover conduct that allegedly occurred approximately twenty-five years ago. While there may be a contemporaneous police report to substantiate the testimony, *see* Dkt. No. 83 at 1, the temporal attenuation, important differences between the charged conduct and Defendant's alleged other acts, and the likely inflammatory effect of this testimony weigh against its admissibility.

The Government's motion is denied as to this issue.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Defendant's first motion in *limine* (Dkt. No. 47) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Defendant's second motion *in limine* (Dkt. No. 48) is **RESERVED UPON**; and the Court further

**ORDERS** that Defendant's oral motion *in limine* regarding Defendant's out-of-court remark at the police station is **GRANTED**; and the Court further

**ORDERS** that the Government's first motion *in limine* (Dkt. No. 57) is **GRANTED in part, DENIED in part, and RESERVED UPON in part**; and the Court further

**ORDERS** that the Government's first supplemental motion *in limine* (Dkt. No. 65) is **GRANTED**; and the Court further

**ORDERS** that the Government's second supplemental motion *in limine* (Dkt. No. 83) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 9, 2026
Albany, New York

Mae A. D'Agostino
U.S. District Judge